UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENE F. FERNANDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES GREG COX, et al.,<br><br>    Respondent. | Case No. 2:12-cv-01810-MMD-GWF<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis* (dkt. no. 5). Based on the information about petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983). If a single one of the claims in the petition is unexhausted, the court is obliged to dismiss the petition for lack of exhaustion.

Upon reviewing the petition in this case, the Court concludes that petitioner's claims are unexhausted. Petitioner admits that he has filed a petition for a writ of habeas corpus in state court on August 10, 2012 (dkt. no. 1 at 1). Because petitioner has not exhausted his grounds for relief in state court, this action shall be dismissed.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (dkt. no. 5) is GRANTED. The Clerk SHALL FILE the petition for a writ of habeas corpus.

///

1    IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. If and when petitioner exhausts his state court remedies, he may file a new habeas petition in a new action. The Clerk shall enter judgment accordingly.

    IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability.

    DATED THIS 27th day of November 2012.

    _____
    MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE